FILED
97 DEC -9 PM 3:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC - 9 1997

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

AMERICAN MODERN HOME INSURANCE )
COMPANY, a corporation )
    PLAINTIFF, )
     )
VS. )   CV96-H-3354-E
     )
JAKE DEESE, )
    DEFENDANT. )

### MEMORANDUM OF DECISION

The court has before it the November 3, 1997 motion for summary judgment filed by plaintiff American Modern Home Insurance Company. Pursuant to the court's November 5, 1997 order, the motion was deemed submitted for decision, without oral argument, as of December 2, 1997.

Plaintiff filed a brief in support of its motion for summary judgment on November 3, 1997, along with its evidentiary submission.[1] Defendant did not file a brief or an evidentiary submission in opposition to the motion for summary judgment.

Plaintiff filed its complaint for declaratory judgment on

---

[1] Plaintiff's evidentiary submission includes the affidavits of Iris Wright and David Gifford, the application for insurance signed by defendant, the defendant's driving record, a recorded statement between Heather Boylard and Kim Kovak, and the policy jacket, forms and declaration page of the policy in question.



December 23, 1996 alleging that defendant had materially misrepresented his prior driving record in his application for insurance and that the insurance company should not be required to defend and indemnify defendant for personal injury and property damage claims arising out of a boating accident occurring on July 6, 1996.

The following facts in this case are unchallenged by defendant. Defendant applied for insurance on a 1983 Hammond 17 foot boat. See plaintiff's exhibit 2 (exhibit A to affidavit of David Gifford). The application for insurance contained a section for disclosing the applicant's motor vehicle driving history. See id. In his application for insurance, defendant did not disclose that he had any prior accidents, violations or boating losses. See id. (exhibits A, B, and C to affidavit of David Gifford). An employee of the insurance agent specifically questioned defendant about his driving record and defendant reported that he had been in only one not-at-fault driving accident within the three years prior to his insurance application. See id. (recorded statement of Heather Boylard and Kim Kovak). Defendant signed the insurance application at a date after this query. See id. Plaintiff insurance company issued Watercraft Policy No. 077-000-216-9041 to defendant with

2

effective dates June 28, 1996 to June 28, 1997. <u>See</u> plaintiff's exhibit 3.

In July of 1996, defendant reported to plaintiff that he had been involved in a boating accident on Lake Logan Martin and requested that plaintiff agree to indemnify and defend him for potential liability claims. <u>See</u> plaintiff's exhibit 2. During the investigation of this accident, plaintiff discovered that defendant's motor vehicle record contained violations including driving while revoked, driving while suspended, DUI and an accident. <u>See id.</u> (affidavit of David Gifford and driving record, exhibit B to affidavit). On August 5, 1996, plaintiff notified defendant that it was declining insurance protection to defendant because of misrepresentations made in the insurance contract. <u>See id.</u> (exhibit D to affidavit of David Gifford).

The underwriting of this policy was performed by Sunbelt General Agency in Montgomery, Alabama. <u>See</u> plaintiff's exhibit 1. The underwriters for plaintiff would not have accepted the risk had defendant represented his driving record to the insurance agent. <u>See id.</u>

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

3

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex</u>, 477 U.S. at 324. The substantive law will identify which facts are material and which are irrelevant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)).

If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial.  Fitzpatrick, 2 F.3d at 1115.  If the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  If the moving party satisfies its burden using this

5

method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial. The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. The affirmative showing may be accomplished by reference to any combination of the following: pleadings; deposition testimony of a party or its witness; affidavits; responses to interrogatories or failure to respond to interrogatories; requests for admission and responses thereto; and other exchanges between the parties that are in the record. See <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604 (11th Cir. 1991); <u>see also</u> <u>Celotex</u>, 477 U.S. at 332 (Brennan, J., dissenting). If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or

ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

> Alabama Code Section 27-14-7 provides:
>
> (a) All statements and descriptions in any application for an insurance policy ... shall be deemed to be representations and not warranties.
> Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either: ...
>> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>> (3) The insurer in good faith would either not have issued the policy or contract...

(1986). In this case it is uncontroverted that defendant misrepresented his driving record in the insurance application and that if he had accurately disclosed his driving record, plaintiff would not have insured the defendant. In order for an insurer to avoid coverage under Alabama Code Section 27-14-7, "'the representation or omission must have been 'material' to the acceptance of the risk.'" First Financial Ins. Co. v. Tillery, 626 So.2d 1252, 1255 (Ala. 1993) (citing State Farm General Ins. Co. v. Oliver, 658 F. Supp 1546, 1552 (N.D. Ala. 1987)). Common sense dictates that a motor vehicle driving history is material to the acceptance of risk on a boat insurance policy and the

7

underwriter to this specific insurance policy stated that the defendant's driving record was material to the acceptance of the risk by the insurance company. See plaintiff's exhibit 1. Plaintiff has shown affirmatively that on the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party. Because plaintiff has made such an affirmative showing, the burden shifts to the nonmoving party, the defendant, to come forward with significant, probative evidence demonstrating the existence of a triable issue of fact. See Fitzpatrick, 2 F.3d at 1115. Here, the defendant has submitted no evidence or brief to demonstrate the existence of a trial issue of fact; therefore, the plaintiff's submission of evidence is uncontroverted, satisfying the court that plaintiff has proven that no genuine issue of material fact exists in this case.

Having proved there is no material issue of fact in this case, plaintiff's motion for summary judgment is due to be granted and a separate order will entered.

DONE this 9th day of December, 1997.

SENIOR UNITED STATES DISTRICT JUDGE